UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LARRY MCCOULLUM, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 03-52-P-H |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

**RECOMMENDED DECISION ON MOTION FOR REVIEW OF SENTENCE**

Larry McCoullum has filed a single pleading styled as a motion pursuant to 18 U.S.C. § 3742 for review of his sentence or, alternatively, a motion under Federal Rule of Criminal Proceeding 32. ( Dockets No. 76.) I recommend that the Court deny this motion for review of McCollum's sentence for the following reason.

*Discussion*

*McCoullum's Prior Post-collateral Proceeding*

On November 13, 2006, McCoullum filed a 28 U.S.C. § 2255 motion seeking relief from his federal conviction and sentence on four ineffective assistance grounds. (Civ. No. 06-196-P-H, Docket No. 1.)[1] I concluded that the motion was untimely and that McCoullum had not demonstrated any entitlement to relief from the one-year statute of limitations. The core of that recommendation was:

---

[1] In that proceeding he also filed a "Motion In Standing & Affidavit to Toll 28 U.S.C. § 2255 ¶ 6(4) Limitations Period for Cause" (Docket No. 2); a "Motion for Leave to File 'Standing' in Support of Petitioner's 2255 Ineffective Assistance of Counsel" (Docket No. 3); a motion pursuant to Federal Rule of Civil Procedure 34 requesting an independent medical examination (Docket No. 11); and a "Motion for Judgment on the Pleadings Rule 55/56 F. Rule Cv. P. or Alternatively Evidentiary Hearing" (Docket No. 16).

> McCoullum's 28 U.S.C. § 2255 motion was filed on November 13, 2006. The earliest date on his attachments is the November 6, 2006, letter to Attorney Mahoney. His 28 U.S.C. § 2255 ¶ 6(1) one-year ran on May 16, 2005, and, other than his generalized assertion of mental health problems and limited access to legal books, nothing in his many pleadings explains why he waited until November 2006 to take the steps he did vis-à-vis his 28 U.S.C. § 2255 motion. The First Circuit does recognize the availability of equitable tolling in habeas cases, but McCoullum has not made an adequate showing of his entitlement to this relief. See Cordle v. Guarino, 428 F.3d 46, 47-49 (1st Cir.2005); Neverson v. Farquharson, 366 F.3d 32, 41-44 (1st Cir.2004). He claims that he has exercised due diligence-both with respect to equitable tolling and a suggestion that 28 U.S.C. § 2255 ¶ 6(4) should apply-but all his documentation is from November 2006, and later, well after his ¶ 6(1) one-year had run. See Cordle, 428 F.3d at 49. There is no evidence of his diligence during the time-period crucial to preparing his 28 U.S.C. § 2255 motion so that it would have been timely under § 6(1).
>
> With respect to his invocation of the ¶ 6(4) limitation period, McCoullum's pleadings do not generate the type of scenario in which it would be appropriate to apply this provision. The grounds that he raises in his § 2255 motion, the allowed supplement, and his motion for standing directed at his ineffective assistance claims, focus on the performance of his attorneys during his plea, sentencing, and appeal. It is evident that McCoullum thinks he might be able to challenge his prior Massachusetts convictions but it is equally evident that he does not yet have any basis for relief in this court because of new factual evidence that those convictions were improperly used in setting his federal sentence. Compare Johnson v. United States, 544 U.S. 295 (2005). What is more, McCoullum was sentence on December 1, 2003, at which point he was alerted to the fact that his prior convictions were key to his career offender status. (Crim. No. 03-52-P-H, Sentencing Tr. at 7-8 .) See Johnson, 544 U.S. at 311 (concluding, as to a 28 U.S.C. § 2255 movant who had succeeded in successfully challenging his predicate state convictions and could invoke 6 ¶ (4), that he had not exercised due diligence in doing so given that he had not filed his state challenges until more than three years after his federal career offender judgment).

McCoullum v. United States, Crim. No. 03-52-P-H, Civ. No. 06-196-P-H,  2007 WL 184605, *4 (D.Me. Jan. 19, 2007).

This Court adopted this recommend decision on February 12, 2007.  (Civ. No. 06-196-P-H, Docket No. 21.)  McCoullum filed a notice of appeal to the First Circuit, but successfully moved to voluntarily dismiss the appeal.  (See id., Docket No. 29.)

*McCoullum's Current Motion*

The current motion by McCoullum recites facts about his 2003 arrest, guilty plea, motion for a psychiatric exam and the withdrawal thereof, the presentence conference, the Court's denial of his request for a diminished capacity departure, the granting of a downward departure for substantial assistance, and his sentencing to a term of 240-months imprisonment. (Sentence Review Mot. at 2-4.)  It discusses his unsuccessful direct appeal to the First Circuit Court of Appeals. (Id. at 4-5.)  He claims that his counsel was ineffective because he did not bring to the court's attention that McCoullum was being sentenced on inaccurate and unconstitutional offenses in the presentence report in violation of Federal Rule of Criminal Procedure 32.  (Id. at 5.)  He acknowledges that his 28 U.S.C. § 2255 motion was untimely.  (Id.)

With respect to events since, McCoullum explains that in June or July of 2007 he was screening his pre-sentence report and realized that it was "erroneously incorrect" and that the errors were "plain, clear, and obvious, which clearly prejudiced Mr. McCoullum as his substantial rights [were] violated."  (Id.)  He explains that on July 15, 2007, he filed a certificate of appealability with the First Circuit in the hopes of pursuing a second and successive 28 U.S.C. § 2255 motion. (Id. at 6.)  He indicates that he then wrote to his trial attorney to make him aware of the errors but his trial attorney has still not gotten back to him.  (Id.)  He next wrote to his appellate counsel who wrote him a letter in return but did nothing to correct the errors (id.); McCoullum attaches the letter which advises McCoullum that he could proceed through 28 U.S.C. § 2255 within a year of the date that his sentence became final but that he would not be able  represent him further (Docket

No. 77-2).² And, McCoullum recaps that he filed a motion to appoint counsel with this court and that motion was rebuffed by the court (Sentence Review Mot. at 6)(because there was nothing pending before the court).

In this motion for review of his sentence McCoullum then proceeds to charge sentencing and appellate counsel with ineffective assistance for failing to notice the errors in the pre-sentence report. (Id. at 7, 15-17.) He believes it was improper for him to receive an increase in his sentence for being a manager, leader, organizer when he was not charged with this conduct; it was error for his sentence to be increased on the basis of a juvenile offense that was ten years before the instant offense; and it was wrong for counsel not to challenge drug quantities pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005). (Id.) But for these errors, McCoullum believes that his correct guideline range would have been 140 to 175 months. (Id. at 8.)

McCoullum seeks review of his sentence pursuant to 18 U.S.C. § 3742(a)³ and Federal Rule of Criminal Procedure 32. (Id. at 18.) He adds, in the event that this motion

---

² The letter also relays that appellate counsel could not see how the criminal history challenges raised would have made a difference to McCoullum because he was sentenced as a third time offender under Section 851and the consequential life sentence was reduced by the Court.
³ This provision reads:
    **(a) Appeal by a defendant.**--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
        **(1)** was imposed in violation of law;
        **(2)** was imposed as a result of an incorrect application of the sentencing guidelines; or
        **(3)** is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
        **(4)** was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
18 U.S.C. § 3742(a).

is denied, that the Court state the reason for a denial in a written opinion so that he can take an appeal. (Id.) In the event that the court construes this motion as a writ or as being cognizable under another statute -- in view of the fact that he is having a hard time getting his claims heard – McCoullum requests that the court appoint counsel. (Id. at 19.)[4]

McCoullum seems to think that this court can now revert to a review of his sentence pursuant to Federal Rule of Criminal Procedure 32 as if it was just being imposed or that he can still appeal the sentence pursuant to 18 U.S.C. § 3742(a). This court has no power to undertake such a review now that McCoullum's case has fully proceeded through the direct appeal and 28 U.S.C. § 2255 process. The bottom line is:

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996).

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

McCoullum's claims of ineffective assistance of counsel presented here would have been properly raised in his 28 U.S.C. § 2255 motion. See Massaro v. United States, 538 U.S. 500, 509 (2003); see also United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999) ("The lessons of this case for the criminal defense bar are clear. A first petition for post-conviction relief under § 2255 should raise all available claims."). The fact that McCoullum's first § 2255 motion was untimely means that his only chance of obtaining

---

[4] On this score he suggests that his rights under the American with Disabilities Act justify this appointment. (Id.)

5

substantive review of these ineffective assistance claims is to succeed in persuading the First Circuit to grant him permission to proceed with a second and successive motion. See 28 U.S.C. § 2255 ¶8(2).

As McCoullum indicates, he filed such a request with the First Circuit and it was docketed on July 18, 2007.  On August 2, 2007, the First Circuit entered the following order.

> The request of petitioner Larry McCoullum to file a second or successive motion pursuant to 28 U.S.C. §§ 2255 and 2244(b)(2) is denied. Petitioner has failed to cite a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2244(b)(2)(A); see also Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005) (rule in United States v. Booker, 543 U.S. 220 (2005), has not been made retroactive by the Supreme Court to cases on collateral review). Moreover, he has failed to point to new facts which could not have been discovered previously through the exercise of due diligence and which, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of violating 21 U.S.C. §§ 846 & 841(b)(1)(A)(iii). Request for permission to file second or successive petition denied.

McCoullum v. United States, No. 07-2096 (1st Cir. Aug. 2, 2007).   It is not clear from the record available to me whether or not the claims that McCoullum raised in this rebuffed request are identical to those presented here.   Nevertheless, in order to obtain review of the ineffective assistance claims in this motion McCoullum would need to secure permission from the First Circuit to file a second and successive 28 U.S.C. § 2255 motion containing these claims and he has clearly not done so.

 In view of the history of McCoullum's criminal case and the law governing the finality of federal criminal convictions and sentences, McCoullum's motion for review of his sentence must be denied.

*Conclusion*

For the reason stated above, I recommend that the Court deny McCoullum's motion for review of his sentence.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 15, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge