UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-52-P-H |
| | ) | |
| LARRY McCOULLUM, | ) | |
| DEFENDANT | ) | |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

On December 1, 2003, I sentenced the defendant Larry McCoullum for conspiracy to distribute and possess with intent to distribute 50 or more grams of cocaine base. Under the statute, because of previous convictions McCoullum faced a mandatory life sentence. When the government filed a motion under 18 U.S.C. § 3553(e) and USSG § 5K1.1, however, I sentenced McCoullum to 240 months. See Judgment (Docket Item 51).

Since being sentenced, McCoullum has engaged in a number of appellate and collateral attacks on his sentence. Most recently on December 14, 2007, I affirmed Magistrate Judge Kravchuk's recommended decision to deny further review of his sentence. Order Adopting Report and Recommended Decision (Docket Item 81). Then on December 17, 2007, the Clerk's Office docketed a letter from McCoullum dated December 11, 2007, in which he refers to a number of things, including the change in the guidelines for crack cocaine and the Sentencing Commission's decision to make the change retroactive. See Motion to

Reduce Sentence (Docket Item 85). I treat the letter as both a motion for reconsideration of my December 14, 2007 ruling and a motion to reduce McCoullum's sentence based on the new and retroactive (effective March 3, 2008) crack guideline. Both motions are **DENIED**.

As to the first, Magistrate Judge Kravchuk's recommended decision, see Report and Recommended Decision (Docket Item 78), speaks for itself, and I agree with her reasoning and conclusion.

As to the second, McCoullum pleaded guilty and was sentenced under 21 U.S.C. § 841(b)(1)(A). That statute provides that where the crime involves 50 grams or more of a mixture or substance containing cocaine base and where the defendant has two or more previous felony drug convictions (which McCoullum admitted, see Transcript of Proceedings, 7-8, Dec. 1, 2003 (Docket Item 61)), the mandatory sentence is life. That drug quantity calculation is statutory; it is unaffected by the recent guideline amendment. The statutory life sentence becomes the Guideline sentence because the Guidelines state: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG § 5G1.1(b). See also United States v. Li, 206 F.3d 78, 89 (1st Cir. 2000).

As a result, in McCoullum's case, whatever changes the crack guideline amendment might authorize in the underlying base offense level calculations or, for that matter, in any other guideline calculations, those changes cannot alter the ultimate guideline sentence—life—which depends upon 50 grams of cocaine base

and 2 previous felony drug convictions. 21 U.S.C. § 841(b)(1)(A). Since I have authority to reduce a sentence in a case like this only if the "sentencing range … has subsequently been lowered," 18 U.S.C. § 3582(c)(2), and since McCoullum's sentencing range—life—has not been lowered, the crack amendment does not help him.[1]

**SO ORDERED.**

**DATED THIS 11TH DAY OF JANUARY, 2008**

/S/ D. BROCK HORNBY
D. BROCK HORNBY
UNITED STATES DISTRICT JUDGE

---

[1] At the original sentencing, the substantial assistance departure was measured from a Guideline sentence of life. See Li, 206 F.3d at 89 ("[T]he proper starting point from which a departure is to be subtracted or to which it must be added is the greater of the guideline range or the mandatory minimum."). Since the Guideline sentence remains life, the amount of departure would not change.

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CRIMINAL DOCKET FOR CASE #: 2:03CR52 (DBH)**

| | | |
|---|---|---|
| **United States of America** | represented by | Helene Kazanjian<br>Office of the U.S. Attorney<br>District Of Maine<br>100 Middle Street Plaza<br>Portland, ME 04101<br>(207) 780-3257<br>email: |

**v.**

| | | |
|---|---|---|
| **Larry McCoullum,**<br><br>Defendant | Represented By | Larry McCoullum, Pro Se<br>#04336-036<br>U.S.P. Coleman – (One) F.C.C.<br>P.O. Box 1033<br>Coleman, FL 33521-0879 |

4