UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:03-cr-00052-DBH |
| | ) |
| LARRY MCCOULLUM, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

This "Motion to Correct Guilty Plea or Motion to Withdraw Plea of Guilty or in the Alternative Motion for Evidentiary Hearing" represents Larry McCoullum's sixth post-conviction effort following direct appeal to challenge his 2003 drug conviction and/or the 240-month sentence he received that same year. In addition to his direct appeal and his first motion pursuant to 28 U.S.C. § 2255 (see 2:06-cv-00196-DBH), McCollum has previously filed two motions for relief from judgment in 2006, a motion to reduce sentence in 2007, and in 2012 a Motion to Reduce Sentence based on the Fair Sentencing Act of 2010. I now recommend that the Court deny this current motion.

**Discussion**

Seventh Circuit Judge Easterbrook, addressing a similar effort to end-run the Antiterrorism and Effective Death Penalty Act (AEDPA) limitations on § 2255 relief has said, rather colorfully in Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004), that artful pleading will not save the day:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g., Owens v. Boyd, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); United States v. Evans, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001).

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996).

The First Circuit takes the same dim view of inventive labels attached to § 2255 pleadings. Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008).

The gist of McCoullum's July 2, 2012 motion is a challenge to the validity of the guilty plea he entered in 2003 and the sentence imposed upon him that same year. Thus, regardless of the title attached to the pleading, it is a petition pursuant to 28 U.S.C. § 2255. See Trenkler, 536 F.3d at 97. The result is that, for this Court to consider the July, 2012 pleading it would have to conclude that the document is something other than an attempt to obtain § 2255 relief, which as the Government points out in its response to the motion is both time barred and subject to the second and successive gatekeeping requirements set by statute. (Response, ECF No. 98, at p. 3).

Even a cursory review of the ninety-seven page motion/memorandum submitted by McCoullum establishes that he is seeking § 2255 relief from the judgment and sentence imposed in 2003. He claims the plea agreement was breached by the Government and his attorney rendered ineffective assistance in terms of the advice he gave and plea agreement that was negotiated. A review of McCoullum's first § 2255 petition, filed in 2006, reveals that he voiced many of the same complaints raised in this motion when he alleged, inter alia, that his counsel "colluded with the U.S. Attorney to manipulate the sentence favorable to the prosecutor." (Motion to Vacate, 2:06-cv-00196-DBH, ECF No. 1, at p. 6). McCoullum believes his sentence was too long, he was improperly treated as a career offender, and that he was misled into pleading guilty. Although in the current motion McCoullum attempts to deconstruct the

transcripts of earlier proceedings, the record reflects that McCoullum was fully advised of his rights and understood what he was doing when he pled guilty to the charge.

This Court has no jurisdiction to resentence McCoullum or to allow him to withdraw his plea of guilty after almost ten years have passed. I now recommend that the Court deny the pending motion because the only available remedy in this Court is via § 2255, and McCoullum's petition under that statute is time barred and procedurally inappropriate because he has not obtained leave from the circuit court of appeals to file a second or successive petition.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated: August 28, 2012                    /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge